### BAIRD *v.* ENGRAM & ROBINSON.

FISH, C. J. 1. Engram & Robinson sued Martin and Mrs. Baird on an open account. On the trial the court permitted one of the plaintiffs to testify as follows: "Martin stated that he wanted some stuff for feeding cows in the dairy business. I told Martin that I would sell them if Mrs. Baird would agree to pay it and they would give us a note for the amount as soon as they had bought as much as a hundred dollars worth of stuff. Martin said that she authorized him to get the stuff and wanted to carry away a load at that time; but I told him that he would have to see Mrs. Baird and get an agreement to give a note also. Later Martin came and stated that he and Mrs. Baird wanted the stuff, and that they would give the note as requested." Counsel for Mrs. Baird, who alone defended the suit, objected to this testimony, because she was not present when the conversation referred to took place, and because there was no evidence that Martin was her agent, or that any partnership existed between him and her. The judge stated that he would admit the evidence to show the transaction, but not to bind Mrs. Baird, unless the testimony should connect her with and show her a party thereto. There was a sharp conflict in the testimony of the two plaintiffs on the one side, and that of Mrs. Baird and Martin on the other, as to whether Mrs. Baird was interested in the dairy business, or bought or received the

benefits of any of the articles stated in the account sued on. Martin testified that he never made the statement attributed to him in the testimony of the plaintiff, as above set out; and he and Mrs. Baird both testified that she never authorized him to purchase any of the goods, and that the dairy business belonged to him alone, and that she never got any benefit of the articles sued for. There was evidence in behalf of the plaintiffs tending to show that Mrs. Baird and Martin were partners in such business. As the jury was authorized to find, under the evidence, that a partnership in the dairy business, for which the goods were purchased, existed between Mrs. Baird and Martin, and as she purchased some of the articles in person, and they were charged to herself and Martin, we do not think that the admission of the testimony objected to, when taken in connection with the statement of the judge when allowing it to go in evidence, is cause for a new trial.

2. The evidence authorized the verdict, and it was not error to refuse a new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 16, 1912.

Complaint. Before Judge Fite. Gordon superior court. November 15, 1910.

*J. M. Lang,* for plaintiff in error. *J. G. B. Erwin Jr.,* contra.